UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **TEXAS HEALTH AND HUMAN SERVICES COMMISSION**, <br><br> *Plaintiff,* <br> and <br><br> **BAYLOR HEALTH CARE SYSTEM, METHODIST HOSPITALS OF DALLAS, and TEXAS HEALTH RESOURCES,** <br><br> *Plaintiff-Intervenors*, <br> v. <br><br><br> **UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES**, <br><br> **ALEX M. AZAR II, SECRETARY OF HEALTH AND HUMAN SERVICES**, <br><br> *Defendants*. | Civil Action No. 3:19-cv-2857-E |

## JOINT STATUS REPORT

The parties respectfully submit this joint status report pursuant to the Court's April 21, 2020 Status Report Order.  *See* ECF No. 29.

It is noted at the outset that this case is one for review of an administrative decision of a federal agency, and is therefore exempt from the scheduling and planning requirements of Fed. R. Civ. P. 16(b) pursuant to N.D. Tex. Local Civ. R. 16.1(i).  The parties have separately set forth proposed schedules for resolving this case.

**(1)  The nature of the case and contentions of the parties**.  This is an action filed under the Administrative Procedure Act seeking review of a decision by the Departmental Appeals

1

Board ("DAB") of the United States Department of Health and Human Services ("HHS").  The

DAB affirmed a decision by the Centers for Medicare & Medicaid Services ("CMS") in which

CMS disallowed over $26 million in federal funding to the Texas Health and Human Services

Commission ("Texas HHSC" or "Plaintiff"), the state agency responsible for overseeing Texas'

Medicaid program.  CMS based its disallowance on a determination that during the federal

quarter ending December 31, 2015 Texas had financed Medicaid supplemental payment

program payments to certain private hospitals in Dallas and Tarrant Counties, Texas through

impermissible provider-related donations.  *See* 42 U.S.C. § 1396b(w).  Plaintiff, as well as

certain private hospitals in Texas ("Texas Hospitals" or "Intervenors"), challenged that decision

before the DAB.  The DAB upheld the disallowance, reducing the amount to about $25 million,

and denied Plaintiff and Intervenors' joint motion for reconsideration.  Plaintiff then filed the

instant lawsuit against Defendants HHS and Alex M. Azar, II, in his official capacity as

Secretary of HHS.  The Texas Hospitals filed an unopposed motion to intervene, which the

Court granted.  Further contentions of the parties are set out below.

Plaintiff.  Plaintiff contends the DAB's final decision affirming the disallowance but

reducing the amount thereof should be declared unlawful and set aside pursuant to 5 U.S.C. §

706(2) because the decision is arbitrary and capricious, an abuse of discretion, in excess of and

not in accordance with law, made without observance of procedure required by law, and

unsupported by substantial evidence.

Intervenors.  Intervenors contend that the DAB incorrectly determined that during the

federal quarter ending December 31, 2015 the State of Texas funded Medicaid supplemental

payment program payments to certain private hospitals in Dallas and Tarrant Counties, Texas

through impermissible provider-related donations, and that the DAB therefore improperly

affirmed the disallowance of federal matching funds. Intervenors contend that the DAB erred in not finding that HHS impermissibly premised its disallowance on State Medicaid Director Letter #14-004, which was new sub-regulatory, informal guidance CMS issued in May 2014, seven years after the Texas Hospitals had begun providing charity care and unsupported by any change in the federal provider-related donation statutory or regulatory requirements. Intervenors contend that the DAB erred in not finding that HHSC and CMS collaboratively developed the charity care arrangements and beginning in 2005, on several occasions CMS reviewed, approved, and sanctioned the continued operation of the charity care arrangements which the agency later determined (*ex post facto*) are impermissible provider-related donations, despite no changes in fact or law. Intervenors contend that the DAB erred in concluding that the Intervenors' voluntary provision of charity care to indigent patients in a facility owned by a governmental entity constituted an impermissible provider-related donation.

Aside from the incorrect substantive errors by CMS as discussed above, in the appeal below, late in the DAB administrative litigation Defendants made several new factual arguments, including that CMS did not collaborate with HHSC in drafting the Conditions of Participation that were included in certifications required to be signed by all private hospitals receiving Medicaid supplemental payment funds. This argument goes to the heart of Intervenors' position that CMS collaborated with HHSC in structuring the charity care model program. In the joint Request for Reconsideration, Plaintiff and Intervenors attempted to rebut these new arguments made by CMS, including by seeking to introduce a highly relevant and material exhibit evidencing written comments by a CMS official to a draft version of the Conditions of Participation forwarded to private counsel for HHSC. Until Defendants' new and untimely argument, Intervenors did not previously have such document and searched and

3

located it in another law firm's files.  The DAB in its denial of the Request for Reconsideration improperly ruled that the Request for Reconsideration exhibits are not properly part of the administrative record for purposes of appeal and thus, among other errors, denied Intervenors' due process.  In sum, Intervenors contend that the DAB decision is unsupported by the record, arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the Constitution and the law and contrary to the Medicaid Act and the Administrative Procedure Act, and thus should be set aside by the Court.

Defendants.  Defendants contend that the DAB correctly determined that Texas has funded its Medicaid program through impermissible provider-related donations, and that the DAB therefore properly affirmed the disallowance of federal matching funds.  Defendants contend that their actions have been fully consistent with the Medicaid Act and the Administrative Procedure Act.

**(2)  Challenges to jurisdiction and venue.**

Defendants.  At this time, Defendants do not anticipate challenging venue or the Court's jurisdiction to hear the case.  However, the DAB ruled that Plaintiffs and Intervenors improperly presented additional evidence and arguments when they moved for reconsideration of the DAB's initial decision. Because those issues were not properly raised or exhausted before the agency, the Court lacks subject matter jurisdiction to consider them.  In addition, Plaintiff's and Intervenors' complaints may include additional information that was not properly before the DAB; such information cannot be considered by this Court.  Should Defendants become aware of any other defects in the Court's subject-matter jurisdiction, Defendants will inform the Court and the parties by appropriate motion.

Plaintiff and Intervenors.  Plaintiff and Intervenors respond that other than as written

4

above they have not been advised of which issues Intervenors now contend were allegedly not raised or exhausted, but contend that the Court has subject matter jurisdiction on all issues raised in their complaint.

(3)  **Pending motions**.  No motions are currently pending before the Court.

(4)  **Matters that require a conference with the Court**.  There are no pending matters that require a conference with the Court.

(5)  **Likelihood that other parties will be joined or the pleadings amended.**  At this time, the parties do not expect other parties to be joined. Plaintiff does not expect to amend their pleadings. Intervenors are likely to amend their Complaint.  Defendants do not expect to amend their pleadings, except to the extent necessary to respond to another parties' amended pleadings.  All parties reserve the right to seek leave to amend the pleadings if necessary.

(6)  **Statement that the parties have read the *Dondi* opinion and the District's Civil Justice Expense and Delay Reduction Plan.**  Counsel for all parties have read *Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), and the District's Civil Justice Expense and Delay Reduction Plan.

(7)(a)  **Estimate of time needed for discovery**.  The parties respectfully note that because this case is an action for review of an administrative record, this case is exempt from initial disclosure requirements.  *See* Fed. R. Civ. P. 26(a)(1)(B)(i).  Further contentions of the parties are set out below.

Plaintiff. Plaintiff does not anticipate a need for discovery in this matter at this time but reserves the right to reevaluate as the case proceeds.

Defendants.  Because this is an action challenging an administrative decision under the Administrative Procedure Act, there is no need for discovery.  Instead, the case should be

decided based on the administrative record (which the parties propose that Defendants file with the Court by June 15, as noted below). *See Luminant Generation Co. v. EPA*, 714 F.3d 841, 850 (5th Cir. 2013) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.") (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

Defendants are not aware of the subject(s) of discovery Intervenors believe would be appropriate in this case. To the extent that Intervenors believe that the administrative record is incomplete, the proper mechanism to address any such issue would be a motion to correct the record. *Cf. La Union del Pueblo Entero v. FEMA*, 141 F. Supp. 3d 681, 693 (S.D. Tex. 2015) ("[An agency's] designation of the administrative record, like any established administrative procedure, is entitled to a presumption of administrative regularity[.]" (quoting *City of Dallas v. Hall*, Nos. 3:07–CV–0060–P, 3:07–CV–0213–P, 2007 WL 3257188, at *4 (N.D.Tex. Oct. 29, 2007))). Defendants note that they have already provided Plaintiff and Intervenors with the administrative record.

To the extent that Intervenors believe that they are entitled to extra-record evidence, Defendants submit that such evidence is almost always improper in an APA case, and Intervenors would need to show that they are entitled to such evidence. *See Medina Cty. Envtl. Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) ("Supplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)). Defendants contend that Intervenors will be unable to make such a showing.

To the extent that Intervenors worry that they will be unable to respond to an argument

made in Defendants' forthcoming motion for summary judgment without discovery, the proper procedure to deal with that circumstance would be to file a motion pursuant to Fed. R. Civ. P. 56(d) at the appropriate time, and to allow Defendants to respond to that motion.  If this unlikely situation arises, the proper time to address it would be after Defendants file their motion for summary judgment.  There is no need for the Court to schedule any motions relating to discovery at this time.

Intervenors.  Intervenors respond that the United States Supreme Court has held that extra-record discovery may be allowable and necessary in an APA case as well as to address Constitutional claims.  *See Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2559 (2019); *see also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *San Luis & Delta-Mendota Water Authority v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014)("[A] reviewing court may consider extra-record evidence where admission of that evidence (1) is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) is necessary to determine whether the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.") (internal quotation marks and citations omitted).

Plaintiff and Intervenors.  At this time, Plaintiff and Intervenors contend that the most efficient course would be to allow each party to file their respective motions for summary judgment and then, if any party believes that the issues presented require discovery, that party shall identify the discovery requested and propose an expedited schedule for same.

> **(b) Subjects on which discovery is needed**.  See 7(a) above.

> **(c) Whether discovery should be conducted in phases**.  See 7(a) above.

**(8)  Issues related to disclosure or discovery of ESI**.  The parties disagree as to whether discovery could be necessary in this case, see 7(a) above.  However, the parties currently agree that no discovery should be pursued at this time, so the parties are currently unaware of any issues related to disclosure or discovery of electronically stored information that currently require the Court's attention.  Defendants reiterate that discovery would not be proper in this case and Intervenors reiterate their discovery position in Paragraph 7(a).

**(9) Privilege and protection of trial-preparation material**.  Because the parties will not automatically exchange discovery materials, see 7(a) above, the parties do not believe there are any issues relating to privilege or protection of trial-preparation material currently requiring the Court's attention.  Defendants reiterate that discovery would not be proper in this case and Intervenors reiterate their discovery position in Paragraph 7(a).

**(10)  Changed or additional limitations on discovery**. Because the parties will not automatically exchange discovery materials, see 7(a) above, the parties do not believe there are any issues relating to changed or additional limitations on discovery currently requiring the Court's attention. Defendants reiterate that discovery would not be proper in this case and Intervenors reiterate their discovery position in Paragraph 7(a).

**(11)  Other orders to be entered under Rules 26 and 16**.  Aside from an order adopting a briefing schedule, discussed below, the parties do not believe any other orders need to be entered pursuant to Rules 26 and 16.  The parties further note that the requirements of Rule 16(b) do not apply to this case.  *See* N.D. Tex. Local Civ. R. 16.1(i).

**(12)  Proposed Deadlines**.

**(a)  To join parties and amend pleadings**.  The parties propose June 6, 2020 as the deadline to join parties and amend pleadings.

**(b) To file motions**.

Plaintiff and Intervenors.  Plaintiff and Intervenors believe that this case should proceed like other appeals – with the appellants (here Plaintiff and Intervenors) filing the first brief, appellee (here Defendant) filing a response and appellants having the traditional right of reply to end the briefing.  However, Plaintiff and Intervenors do not oppose Defendants' request to file a cross-motion for summary judgment, provided it is filed simultaneously with Plaintiff's and Intervenors' motions for summary judgment. Plaintiff and Intervenors propose the following dispositive motion schedule, with proposed page limits listed in parentheticals (see item 17 below):

- June 15 – Deadline for Defendants to file the administrative record (the administrative record has already been provided to Plaintiff and Intervenors who are currently reviewing the contents for completeness).

- September 15 – Deadline for filing motions for summary judgment.

- November 16 – Deadline for filing responses to motions for summary judgment.  (25 pages each for Plaintiff and Intervenors; 40 pages for Defendant).

- February 5, 2021 – Deadline to file replies in support of motions for summary judgment and for any party to file any requests for extra-record discovery.  (10 pages each for Plaintiff and Intervenors; 15 pages for Defendant; and 10 pages each party for any extra-record discovery requests).

Defendants.  Defendants propose the following sequential briefing schedule for dispositive motions, with proposed page limits listed in parentheticals (see item 17 below):

- June 15 – Deadline for Defendants to file the administrative record on the docket (the administrative record has already been provided to Plaintiff and Intervenors who are currently reviewing the contents for completeness).

- September 15 – Deadline for Plaintiff and Intervenors to each file a motion for summary judgment based on the administrative record.  (50 pages each for Plaintiff and Intervenors).

- November 16 – Deadline for Defendants to file a consolidated cross-motion

for summary judgment based on the administrative record and response to Plaintiff's and Intervenors' motions.  (80 pages).

- February 5 – Deadline for Plaintiff and Intervenors to each file a consolidated reply in support of their motions and response to Defendants' motion.  (50 pages each for Plaintiff and Intervenors).

- April 5 – Deadline for Defendants to file a reply in support of their motion.  (50 pages).

Defendants contend that a sequential briefing schedule will be most efficient in this case. At this time, Defendants do not know the grounds on which Plaintiff or Intervenors will choose to challenge the DAB's decision.  It would be wasteful to engage in simultaneous briefing because Plaintiff and Intervenors may not challenge all aspects of the DAB's decision, and if Defendants had to engage in simultaneous briefing they would need to defend aspects of the DAB's decision that likely will not be contested by Plaintiff or Intervenors.  It would be more efficient for the parties and the Court to have Plaintiff and Intervenors first brief the topics they contend warrant reversal of the DAB's decisions, and then have Defendants join issue only on those topics.  It is very common to proceed with schedules like the one proposed by Defendants in cases brought under the Administrative Procedure Act.  Under Defendants' proposed schedule, the Court would need to consider only six briefs between the three parties (all of which are geared toward the disputed issues in the case and responsive to the other side's arguments), whereas Plaintiff and Intervenors' proposed schedule would require nine briefs (each of which will involve guessing at the arguments the other side will be simultaneously making).

To the extent Plaintiff and Intervenors are concerned that Defendants' final reply will contain new arguments, Defendants agree that they may move the Court to file a short sur-reply if they believe such relief is warranted.

Defendants further note that Plaintiff and Intervenors' suggestion that this case is

10

analogous to an appeal is imprecise.[1]  Although Plaintiff and Intervenors do bear the burden of proving that the DAB committed an error warranting vacatur, that does not mean they should "hav[e] the traditional right of reply to end the briefing."  Defendants do not expect the Court to enter judgment in their favor unless Defendants move for summary judgment, and if Plaintiff and Intervenors file a response to Defendants' motion, Defendants are entitled to a reply.  *See* N.D. Tex. Local Civil R. 56.5(b) (providing for reply briefs in summary judgment motions).  Defendants further contend that it is unnecessary for the Court to schedule any motions relating to discovery at this time.  See Defendants' position on item 7(a) above.

       **(c)  To complete discovery**.  See item 7(a) above.

       **(d)  To designate expert witnesses**.  The parties agree experts are not necessary or appropriate in this case.  See 7(a) above.

       **(e)  To file expert reports**.  The parties agree experts are not necessary or appropriate in this case.  See 7(a) above.

   **(13)  Proposed trial date**.

   <u>Plaintiff and Intervenors</u>.  Because this is an action challenging an administrative decision under the Administrative Procedure Act, a trial will be unnecessary unless extra-record discovery is granted.  If extra-record discovery is granted, the Parties will propose a trial date based on the scope of that discovery.

   <u>Defendants</u>.  Because this is an action challenging an administrative decision under the Administrative Procedure Act, a trial would not be appropriate or necessary, even if the court

---

[1] It is true that in a key sense, the district court does sit as an appellate tribunal in an APA case.  *See Gilbert v. Wilson*, 292 F. Supp. 3d 426, 433 (D.D.C. 2018) ("[G]enerally speaking, district courts reviewing agency action under the APA's arbitrary and capricious standard do not resolve factual issues, but operate instead as appellate courts resolving legal questions." (quoting *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996)).  Defendants contend that this characteristic of APA review further underscores that discovery would be inappropriate in this case.

permits discovery or extra-record evidence.  Defendants reiterate, however, that discovery would not be proper in this case.

**(14)  Whether the parties consent to trial before a Magistrate Judge**.  The parties have not consented to try this case before a Magistrate Judge.  Defendants reiterate that a trial will be unnecessary in this case and Intervenors reiterate their trial position in Paragraph 13.

**(15)  Progress toward settlement**.  The parties discussed the potential for settlement on May 4, 2020.  No agreement was reached, but the parties have agreed to continue settlement negotiations and will update the Court as needed.

**(16)  Mediation**.  No mediation has taken place to date.  At present, the parties do not believe alternative dispute resolution would be beneficial.  However, as the parties continue settlement negotiations, the parties will inform the Court if at any point the parties believe that alternative dispute resolution would facilitate settlement negotiations.

**(17)  Other matters**.

Plaintiff and Intervenors.  Defendants have requested, and Plaintiff and Intervenors do not oppose, that Defendants be given enlarged page limits for their summary judgment briefing.  Defendants note that they will need to respond to arguments from both Plaintiff and Intervenors, and thus may require additional pages.  Plaintiff and Intervenors propose that Defendants be allowed 40 pages for a response brief and 15 pages for a reply brief in the simultaneous briefing schedule proposed above.

Defendants.  Defendants appreciate Plaintiff and Intervenors' non-opposition to Defendants' request for additional pages.  Because Defendants propose a sequential rather than simultaneous briefing schedule, Defendants request that they be allowed 80 pages for their initial brief (a consolidated brief in support of the government's motion for summary judgment

and response to Plaintiff's and Intervenors' motions), and 50 pages for their second brief (a reply in support of Defendants' motion).

Respectfully submitted this 15th day of May, 2020.

/s/ *Kara Holsinger*
KARA HOLSINGER
Texas Bar No. 24065444
Deputy Chief, Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4203
Facsimile: (512) 320-0167
Kara.Holsinger@oag.texas.gov

*Counsel for Plaintiff*


NORTON ROSE FULBRIGHT US LLP


/s/ *Shea R. Haass*
Carol Poindexter
(*pro hac vice application forthcoming*)
Missouri State Bar No. 45067
carol.poindexter@nortonrosefulbright.com
799 9th Street NW, Suite 1000
Washington D.C. 20001
Telephone:  (202) 662-0200
Facsimile:  (202) 662-4643

Marc B. Collier
Texas State Bar No.  00792418
marc.collier@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, TX  78701-4255
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598

Shea Haass
Texas State Bar No. 24055609
shea.haass@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600

13

Dallas, TX  75201-7932
Telephone:      (214) 855-8000
Facsimile:       (214) 855-8200

*Counsel for Plaintiff-Intervenors Baylor Health*
*Care System, Methodist Hospitals of Dallas, and*
*Texas Health Resources*


JOSEPH H. HUNT
Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Branch Director
Federal Programs Branch

*/s/ Joshua C. Abbuhl*
JOSHUA C. ABBUHL (D.C. Bar No. 1044782)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-8366
Facsimile: (202) 616-8470
E-mail: Joshua.Abbuhl@usdoj.gov

*Counsel for Defendant*


## CERTIFICATE OF SERVICE

On May 15, 2020, I filed the foregoing document with the clerk of court for the U.S.

District Court, Northern District of Texas.  I hereby certify that I have served the document on

all counsel and/or *pro se* parties of record by a manner authorized by Federal Rule of Civil

Procedure 5(b)(2).


*/s/ Shea R. Haass*
Shea R. Haass

14